UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO.:

OSCAR PARADELA
and other similarly-situated individuals,

    Plaintiff (s),

v.

RALONS SECURITY LLC,
a/k/a RALON'S SECURITY LLC,
and LUIS REQUEJO, individually,

    Defendants,
_____ /

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff OSCAR PARADELA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants RALONS SECURITY LLC, a/k/a RALON'S SECURITY LLC, and LUIS REQUEJO individually, and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff OSCAR PARADELA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant RALONS SECURITY LLC a/k/a RALON'S SECURITY LLC (hereinafter RALONS SECURITY) is a Florida corporation having its main place of business in Miami-Dade County, and in Key West, Florida, where Plaintiff worked for Defendant. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant LUIS REQUEJO was and is now director of operations of RALONS SECURITY. Defendant LUIS REQUEJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], and is jointly liable for Plaintiff's damages.

5. All the action raised in this complaint took place in Key West, Monroe County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff OSCAR PARADELA to recover from Defendants overtime wages, retaliatory damages, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant RALONS SECURITY is a Florida corporation that provides security services.

8. Defendant RALONS SECURITY employed Plaintiff OSCAR PARADELA as a non-exempt, full time, employee, approximately from January 15, 2016, to September 23, 2016 or 36 weeks.

9. Plaintiff was hired to work as a security employee in Key West, Florida. Plaintiff was offered to be paid $18.00 an hour or $720.00 weekly which intended to pay for 40 hours

of work every week. In addition, Plaintiff was paid $125.00 weekly covering housing expenses.

10. During Plaintiff's employment time, he worked more than 40 hours every week period. Nevertheless, Plaintiff was never properly compensated for overtime hours worked.

11. Plaintiff worked as a security guard in several hotels, Florida Keys Community College, and the City Marina at Garrison Bight in Key West, Florida.

12. Within the relevant period of employment Plaintiff had a regular schedule. Plaintiff worked double shift 6 days per week from Monday to Saturday.

13. From Monday to Friday Plaintiff worked from 8:00 AM to 4:00 PM (8 hours each day); then Plaintiff worked from 6:00 PM to 12:00 midnight (6 hours each day). On Saturdays Plaintiff worked from 9:30 AM to 6:00 PM (8.5 hours), and then from 10:00 PM to 1:00 AM (3 hours). Plaintiff worked a total of 78.5 hours every week. Plaintiff has deducted 3 hours of lunch time. (0.5 hours x 6 days= 3 hours).

14. Plaintiff worked an average of 78.5 hours every week. However, he was paid just for 40 hours, Plaintiff was not paid for overtime hours.

15. Therefore, Defendants failed to pay Plaintiff for overtime hours at the rate of one time and a half his regular rate as established by the Fair Labor Standards Act.

16. Plaintiff was paid bi-weekly and his paystubs did not reflect the number of hours worked.

17. Plaintiff punched in and out using a telephone system, and Defendants were able to record the number of hours worked by Plaintiff.

18. Plaintiff was never in agreement with the number of hours paid to him, and complained multiple times to the director of operations LUIS REQUEJO.

19. The last time that Plaintiff complained about overtime payment was on or about September, 7, 2016.

20. On or about September 23, 2016, Plaintiff took an authorized two weeks of vacation. When Plaintiff returned to work, the director of operations LUIS REQUEJO fired Plaintiff alleging that he received complaints about Plaintiff's English accent. Plaintiff alleges that he was fired in retaliation for his overtime complaints, and due to discriminatory reasons.

21. Plaintiff OSCAR PARADELA seeks to recover any unpaid overtime wages, retaliatory damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

23. Plaintiff OSCAR PARADELA re-adopts each and every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff OSCAR PARADELA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2016, (the

"material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant RALONS SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services at places catering tourists, at an institution of higher education, and to a city owned marina. Defendant through its business activities, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods or services for commerce by regularly using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and he provided security services to entities engaged in interstate commerce.

27. Defendant RALONS SECURITY employed Plaintiff OSCAR PARADELA as a non-exempt, full time, employee, approximately from January 15, 2016, to September 23, 2016 or 36 weeks.

28. Plaintiff was hired to work as a security employee in Key West, Florida. Plaintiff was offered to be paid $18.00 an hour or $720.00 weekly which intended to pay for 40 hours of work every week.

29. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff worked an average of 78.5 hours every week. However, he was paid just for 40 hours, and he was not paid for overtime hours.

30. Therefore, Defendant failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

31. Plaintiff punched in and out using a telephone system, and Defendants were able to record the number of hours worked by Plaintiff. Plaintiff was paid bi-weekly and his paystubs did not reflect the number of hours worked.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Thirty Seven Thousand Four Hundred Twenty Two Dollars and 00/100 ($37,422.00)

    b. <u>Calculation of such wages</u>:
       Relevant weeks of employment: 36 weeks
       Total number of hours worked: 78.5 hours weekly.
       Total overtime unpaid hours: 38.5 hours
       Paid weekly: $720.00: 40 hours = $18.00 an hour regular rate

    Regular rate: $18.00 x 1.5 = $27.00 O/T rate.

    O/T rate $27.00 x 38.5 O/T hours=$1,039.50 weekly x 36 weeks=$37,422.00

  c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid overtime wages.

35. At all times, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of Forty hours (40) per workweek as provided in said Act.

36. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages. as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant LUIS REQUEJO was the director of operations of RALONS SECURITY. Defendant LUIS REQUEJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of RALONS SECURITY in relation to its employees, including Plaintiff and others similarly situated.  Defendant LUIS REQUEJO had operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and is jointly liable for Plaintiff's damages.

38. Defendants RALONS SECURITY and LUIS REQUEJO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as

required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff OSCAR PARADELA and other similarly-situated individuals and against the Defendants RALONS SECURITY and LUIS REQUEJO on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff OSCAR PARADELA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff OSCAR PARADELA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

40. Plaintiff OSCAR PARADELA re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

41. Defendant RALONS SECURITY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to entities engaged in interstate commerce.

43. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

44. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

45. Defendant RALONS SECURITY employed Plaintiff OSCAR PARADELA as a non-exempt security employee, approximately from January 15, 2016 to September 23, 2016 or 36 weeks. Plaintiff's hourly rate was $18.00 an hour, or $720.00 weekly.

46. Plaintiff worked an average of 78.5 hours every week period. However, Plaintiff was paid for just 40 hours. Plaintiff was not properly compensated for overtime hours.

47. Therefore, Defendant failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

48. On or about July 21, 2016 Plaintiff complained to the director of operations LUIS REQUEJO about his unpaid overtime hours. LUIS REQUEJO answered that he had to discuss the issue with manager Mariano Aguilo.

49. On or about August 19, 2016, for the second time, Plaintiff requested to director or operations LUIS REQUEJO to be paid for overtime hours. LUIS REQUEJO told Plaintiff: "You cannot receive overtime payments because you are on a salary".

50. Plaintiff complained to LUIS REQUEJO for the last time, around September 7, 2016. Plaintiff complained about the excessive amount of overtime hours worked without receiving overtime compensation. LUIS REQUEJO answered to Plaintiff: "We do not pay overtime here."

51. These complaints constituted protected activities under the Fair Labor Standards Act.

52. As a result of Plaintiff's complaints, on or about October 8, 2016, Plaintiff was fired by LUIS REQUEJO. Plaintiff had left on September 23, 2016 for a 2 weeks period of vacation, upon his return, LUIS REQUEJO told Plaintiff that he had received complaints about Plaintiff's English accent and fired him..

53. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

54. The termination of Plaintiff OSCAR PARADELA by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about overtime payment, in violation of Federal Law.

55. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on September 7, 2016.

56. At the times mentioned, individual Defendant LUIS REQUEJO was the director of operations of RALONS SECURITY. Defendant LUIS REQUEJO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of RALONS SECURITY in relation to its employees, including Plaintiff and others similarly situated.  Defendant LUIS REQUEJO had operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and is jointly liable for Plaintiff's damages.

57. Defendants RALONS SECURITY and LUIS REQUEJO willfully and maliciously retaliated against Plaintiff OSCAR PARADELA by engaging in retaliatory a action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

58. The Defendants' termination of Plaintiff OSCAR PARADELA was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

59. Plaintiff OSCAR PARADELA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff OSCAR PARADELA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants RALONS SECURITY, and LUIS REQUEJO that Plaintiff OSCAR PARADELA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses;

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff OSCAR PARADELA further prays for such additional relief as the interests of justice may require.

### JURY DEMAND

Plaintiff OSCAR PARADELA demands trial by jury of all issues triable as of right by jury.

Dated: November 2, 2016

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*